**MAI BASIC FOUR, INC., a Delaware corporation, Plaintiff–Appellant,**

v.

**BASIS, INC., a New Mexico corporation, Thomas A. Olson, Scott Amspoker, Russell B. Kepler and Mark A. Davis, Defendants–Appellees.**

No. 87–2531.

United States Court of Appeals, Tenth Circuit.

July 21, 1989.

John R. Webb of Holme, Roberts & Owen, Denver, Colo. (Boyd N. Boland of Holme, Roberts & Owen, Denver, Colo., Saul Cohen, Philip R. Higdon and Lorna M. Brown of Sutin, Thayer & Browne, Santa Fe, N.M., with him on the brief), for plaintiff-appellant.

Gregory D. Huffaker, Jr. of Poole, Tinnin & Martin, Albuquerque, N.M. (Jill Burtram of Poole, Tinnin & Martin, Albuquerque, N.M., with him on the brief), for defendants-appellees.

Before LOGAN, SETH and TACHA, Circuit Judges.

SETH, Circuit Judge.

The plaintiff, MAI Basic Four, Inc., appeals the trial court's entry of partial summary judgment in favor of defendants, Thomas A. Olson, Scott Amspoker, Russell B. Kepler, and Mark A. Davis, all former employees of plaintiff, and Basis, Inc. Plaintiff, a computer software company, required the individual defendants, whom it employed in Albuquerque as employees-at-will, to sign two agreements. The first, a Patent Waiver Agreement, required them to assign to plaintiff any developments, inventions and improvements made or conceived while they were employed by plaintiff and for 90 days thereafter. The Patent Waiver Agreement also obligated them to disclose any such developments, inventions or improvements to plaintiff in writing. The second agreement, a Confidentiality and Non–Disclosure Agreement, required the individual defendants to treat as confidential all information disclosed to them as a result of or through their employment by plaintiff, and to refrain from disclosing such information to others. Defendant Olson did not sign a Confidentiality and Non–Disclosure Agreement, and plaintiff's claims concerning that agreement were not directed toward him.

While working for plaintiff, several of the defendants participated in the development of a software product known as "BB/M." In November 1984, plaintiff shut down its Albuquerque operation and terminated the individual defendants. In January 1985, the individual defendants formed Basis, Inc. ("Basis"). Later in 1985, Basis began marketing two software products, "BB$^x$" and "Comm 72," which plaintiff claims are markedly similar to "BB/M." Plaintiff claims that the defendants developed these products during their employment with plaintiff or within 90 days of their termination by plaintiff. Plaintiff commenced this diversity action alleging, among other claims unrelated to this appeal, breach of the two agreements. It sought specific performance of the Patent Waiver Agreements, requiring conveyance to plaintiff of all rights to "BB$^x$" and "Comm 72," and damages for breach of the Confidentiality and Non–Disclosure Agreements.

The trial court granted summary judgment to defendants on plaintiff's two claims relating to the agreements. In the trial court's view, the validity of the agreements hinged on the issue of "whether continued employment [is] adequate consideration for restrictive covenants such as the [agreements at issue]." Memorandum Opinion and Order, June 10, 1987, at 6. The court stated that, while New Mexico law governs the substantive legal issues in this case, there was in its view no New Mexico law directly applicable to this issue. After discussing a split of authority among other jurisdictions, the trial court reasoned the New Mexico courts would hold that, as "restrictive covenants" comparable to agreements not to compete, the agreements at issue in this case required some consideration beyond continued at-will employment in order to be valid. Finding such additional consideration lacking, the court held the two agreements void.

The trial court's entire discussion is based on the underlying assumption, not addressed in its opinion, that the two agreements at issue in this case are properly characterized as "restrictive covenants" akin to agreements not to compete. Because the trial court failed to "set out its analysis" in predicting that the New Mexico Supreme Court would endorse this assumption, we predict *de novo* how that court would rule on this particular issue. *Weiss v. United States*, 787 F.2d 518, 525 (10th Cir.). We note the New Mexico Supreme Court declined to accept this issue for certification in a letter to this court dated March 16, 1989.

■ We hold that the Patent Waiver Agreements and Confidentiality and Non–Disclosure Agreements at issue in this case cannot be characterized as restrictive covenants and must be treated separate and apart from agreements not to compete. The agreements at issue in this case serve entirely different purposes than do agree-

ments not to compete and must be analyzed on the basis of those distinct purposes alone. By their very nature, these agreements are *not* covenants not to compete. Defendants remain free to work for whomever they wish, wherever they wish, and at whatever they wish, subject only to the prohibition against misusing plaintiff's proprietary information and the requirement that defendants assign to plaintiff any work product relating to plaintiff's business that was developed by defendants while they were employed by plaintiff or shortly thereafter.

Without expressing an opinion on the validity of the trial court's conclusion that an enforceable agreement not to compete requires some consideration in addition to continued at-will employment, it can be noted that the benefits an employer receives from executing such an agreement are distinct from the benefits the employer receives from the employee's continued employment. In contrast, the benefits plaintiff received from the agreements at issue here are indelibly linked to the benefits plaintiff received by employing the individual defendants in the first instance. The confidentiality agreements protected and preserved the trade secrets and other valuable confidential information plaintiff necessarily had to disclose to the individual defendants during the course of their employment. The patent waiver agreements assured that plaintiff, who hired the individual defendants, supplied them with support, and underwrote the risks attendant to the defendants' research, would enjoy the benefits of discoveries resulting from defendants' employment activities.

Cases addressing what consideration is required to enforce an agreement not to compete are thus of no value to the resolution of this appeal. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 910 (3d Cir.) (trial court correct in holding that Pennsylvania law does not equate patent waiver agreements with restrictive covenants contained in employment agreements); *Federal Screw Works v. Interface Sys.*, 569 F.Supp. 1562, 1564 (E.D.Mich.) (covenants that seek to protect trade secrets do not fall within ambit of Michigan statute prohibiting restrictive covenants not to compete).

 The agreements at issue here are necessary to insure the commercial viability of companies competing in the development of technology, and both are properly characterized as necessary incidents to a contract for employment in that field. Therefore, in light of the absence of New Mexico law on this question, we hold that the trial court erred in declaring the two agreements at issue in this case were void for lack of any consideration in addition to continued employment.

Our holding is a narrow one, limited only to the issue of whether additional consideration was required. The trial court did not address the other arguments offered by defendants to void the agreements, including the argument that the agreements are overbroad, and we do not address those issues on this appeal.

The judgment of the trial court is RE-VERSED and the case is REMANDED to the trial court.